SOCIETY OF THE METHODIST EPISCOPAL CHURCH SOUTH *et al. v.* JEFFERSON BANKING COMPANY *et al.*

The questions presented for decision in this case having been decided substantially when the case was formerly before this court (146 *Ga.* 383), the trial court did not err in refusing to recommit the case to the auditor, to whom it had been referred, and who had made his report; nor in overruling the exceptions of law and fact to the auditor's report, nor in entering up final judgment accordingly.

No. 1152. JUNE 11, 1919.

Exceptions to auditor's report. Before Judge Cobb. Jackson superior court. May 11, 1918.

The Jefferson Banking Company filed a petition against the Jefferson Cotton Mills, a corporation, to recover the amount alleged to be due upon an unsecured promissory note, alleging that the defendant was insolvent. There was a prayer for a receiver, and for judgment for the amount claimed to be due. The plaintiffs in error filed an intervention, claiming to be creditors of the Jefferson Cotton Mills, and praying that the certificates of stock which they held in that corporation be so reformed as to create a lien on all of its property, superior to any other lien which might be held by other creditors. A receiver was appointed to take charge of the assets of the insolvent corporation. A demurrer to the interven-

tion was overruled, and the case was tried and a verdict and decree rendered in favor of the plaintiffs in error. On writ of error, the judgment of the superior court was reversed, this court holding that the certificates of preferred stock could not be so reformed as to make the owner and holder of them creditors with a lien on all of the property of the corporation, superior to the liens of general creditors. See *Jefferson Banking Co.* v. *Trustees,* 146 *Ga.* 383 (91 S. E. 463). Before the remittitur of the Supreme Court was made the judgment of the superior court, the plaintiffs in error filed an amendment to their petition; and the case was referred to an auditor, who found against the contentions of the plaintiffs in error. A motion to recommit the case to the auditor was overruled, and exceptions were taken. The plaintiffs in error also filed exceptions of law and fact to the report of the auditor. A decree was entered, sustaining the findings of the auditor, and overruling the exceptions of law and fact; whereupon plaintiffs in error excepted and brought these rulings to this court for review.

*S. J. Nix, P. Cooley, Shackelford & Meadow,* and *Horace & Frank Holden,* for plaintiffs in error.

*J. A. B. Mahaffey* and *John J. & Roy M. Strickland,* contra.

HILL, J. (After stating the foregoing facts.) When the case was formerly here it was held, in effect, that the certificate of preferred stock held by the intervenors, and which was the foundation of their intervention, was not a debt but was a certificate of preferred stock, and upon that basis they were not entitled to a lien on the assets of the insolvent corporation superior to the liens of general creditors. When the case was returned to the trial court, and before judgment was entered upon the remittitur, the plaintiffs in error amended their petition by alleging that the defendants in error, being creditors of the insolvent corporation, were estopped from denying that the certificate of stock was not in fact an evidence of debt, because, at the time the certificate of stock was issued to the plaintiffs in error, all of the creditors made their debts with said Jefferson Cotton Mills with the knowledge and understanding that the legal effect, force, and meaning of the said certificate of stock was that it evidenced a debt in favor of the intervenors against that corporation for said sum, and was a lien on all of its property to secure said sum of money, and superior to the claims and demands and liens that might then or thereafter exist in favor

of any creditors or other persons. But the fact that the bank, at the time of extending credit, had notice of the contract between the church and the Jefferson Cotton Mills, which this court held could not be reformed, did not make the bank's judgment lien subservient to any supposed equity arising out of that contract in favor of the church, nor would it estop the bank from asserting, as a creditor, its superior lien over the church's supposed lien as a creditor of such corporation. All the issues which are made in the present record were substantially made and decided when the case was formerly here; and the amendment to the intervention of the plaintiffs in error did not set up anything new, but only elaborated the questions which were raised on the former trial. This being true, and under the ruling of this court when the case was here on a former occasion, the trial court did not err in refusing to recommit it to the auditor, and in overruling the exceptions of law and fact to the auditor's report, and in entering up a final judgment accordingly.

*Judgment affirmed. All the Justices concur.*